# FILED

## UNDER

# SEAL

DANIEL G. BOGDEN
United States Attorney
SUSAN CUSHMAN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, NV 89101
(702) 388-6336

UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | Case No. | 2:16-cr-00296-JAD-PAL-4 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | PETITION FOR ACTION | |
| ) | ON CONDITIONS OF | |
| Cassandra EDWARDS ) | <u>PRETRIAL RELEASE</u> | |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Jeff Cottam</u>, Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this <u>15th</u> day of November, 2016.

DANIEL G. BOGDEN
United States Attorney

By  <u>    /S/                              </u>
SUSAN CUSHMAN
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. Cassandra EDWARDS　　　　　　　　　　Docket No.　2:16-cr-00296-JAD-PAL-4

Petition for Action on Conditions of Pretrial Release

COMES NOW Jeff Cottam, UNITED STATES PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant, Cassandra EDWARDS, who was placed under pretrial release supervision by U.S. Magistrate Judge Nancy J. Koppe, in the Court at Las Vegas, Nevada on October 28, 2016, on a Personal Recognizance Bond, with the following conditions:

1. Pretrial Services supervision.
2. Shall use her true name only and shall not use any false identifiers.
3. Shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services within 48 hours of release.
4. Shall not obtain a passport or passport card.
5. Travel restricted to Clark County, Nevada and Nye County, NV.
6. Shall maintain current residence with mother, and may not move prior to obtaining permission from the Court or Pretrial Services.
7. Shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
8. Shall submit to drug testing as directed by Pretrial Services.
9. Shall pay all or part of the cost of the testing program based upon her ability to pay as determined by Pretrial Services.
10. Shall refrain from use or unlawful possession of a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner.
11. Shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
12. Shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial considers advisable.
13. Shall pay all or part of the cost of the substance abuse treatment program or evaluations based upon her ability to pay as determined by Pretrial Serves.
14. Shall undergo medical or psychiatric treatment.
15. Shall submit to mental health evaluation as directed by Pretrial Services.
16. Shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon her ability to pay.
17. The defendant shall be monitored by the form of location monitoring indicated below and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and/or the pretrial services officer:
    - Location monitoring technology at the discretion of the officer

    This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court imposed conditions of release:
    - You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

18. Shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising office.
19. Shall pay all or part of the cost of the location monitoring program based upon her ability to pay as determined by Pretrial Services or the supervising officer.

**Respectfully presenting Petition for Action of Court and for cause as follows:**

1. On November 15, 2016, a Strap Tamper Alert was received by our office. Our office made numerous attempts to establish contact with the defendant but have been unsuccessful. Our office spoke with staff at the inpatient treatment facility where the defendant was residing and were advised they discovered the bracelet which appeared to be cut and the defendant's whereabouts are unknown.

**PRAYING THAT THE COURT WILL ORDER THAT A WARRANT BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. |
|---|---|
| Considered and ordered this __15th__ day of November, 2016, and ordered filed and made a part of the records in the above case. | Executed on this 15th day of November, 2016. |
| | Respectfully Submitted, |
| Honorable Peggy A. Leen<br>United States Magistrate Judge | Jeff Cottam<br>United States Pretrial Services Officer<br>Place: Las Vegas, Nevada |